UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHAPIRO SALES COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CV638 CDP |
| ) | |
| ALCOA, INC., ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

This matter is before me on defendant Alcoa, Inc.'s motion to dismiss, or in the alternative, to stay this case pending the trial of a related case in the United States District Court for the Western District of Arkansas. Shapiro alleges that Alcoa has a duty to defend and indemnify it in that Arkansas litigation, and that Alcoa has breached those duties. I conclude that Shapiro has stated a claim for breach of the duty to defend which withstands the motion to dismiss. Shapiro's indemnification claim, however, is premature and must be dismissed without prejudice. Finally, I will not stay this action because Shapiro's claim for a defense is ripe and the interests of justice require that it be allowed to go forward.

## Background

In April 2002, the City of Stamps, Arkansas and fifteen individuals sued Shapiro and Alcoa, among others, in an Arkansas state court for nuisance, trespass,

negligence, and violation of the Arkansas Solid Waste Management Act (ASWMA). These claims arose from the processing activities of a now-defunct entity known as Red River Aluminum, Inc. Shapiro, Alcoa and the other defendants settled with each of the individual plaintiffs.

In May of 2004, (apparently in connection with the individual claims' settlement), Shapiro and Alcoa entered into an Indemnity Agreement in which Alcoa agreed to defend, indemnify, and hold harmless Shapiro in exchange for payment of $5,000. In the agreement Alcoa agreed to pay for the defense and to indemnify Shapiro:

> The amount paid by the co-defendants for the defense and resolution of all claims arising out of the Lawsuit is $5,000 per defendant. In exchange for such payment, Alcoa agrees to provide at its expense a defense of this matter and indemnify and hold harmless the co-defendants from any and all damages, remedial claims, injunctive relief, settlements, costs, attorneys' fees or other expenses sought by the plaintiffs or any other parties named in the action styled <u>Jewel Wise, et al. v. Arkansas Aluminum Alloys, Inc., et al.</u>, Cause Number CIV-2003-14-1 in the Circuit Court of Miller County, Arkansas or sought by any defendant for contribution and/or indemnity arising out of the Lawsuit.

After these parties signed the agreement, the City dismissed its claims without prejudice. Then, almost a year later, it re-filed its claims against Shapiro, Alcoa, and all but one of the original defendants. This time the City sued in an Arkansas federal court. The City reasserted its nuisance, trespass, negligence, and ASWMA

claims, and also added a new claim under the Resource Conservation and Recovery Act.

Shapiro tendered defense of the Arkansas federal suit to Alcoa, but Alcoa rejected Shapiro's tender. According to Alcoa, the parties' agreement is limited by its terms to the state court matter referenced in the agreement and thus does not apply to the Arkansas federal suit.

Shapiro filed the present action for breach of contract and declaratory judgment. Shapiro alleges in its Count I that Alcoa has breached its contractual duty to defend, indemnify, and hold harmless Shapiro in the Arkansas federal suit. Shapiro seeks to recover the costs, expenses, and attorneys' fees it is incurring in the Arkansas federal action as well as any future judgment rendered against Shapiro in that case. Additionally, in Count II Shapiro seeks a declaration that the Indemnity Agreement is applicable to the Arkansas federal action.

## **Discussion**

Alcoa moves to dismiss the complaint under Rule 12(b)(6), Fed. R. Civ. P. In ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to Shapiro. Fed. R. Civ. P. (12)(b)(6); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993). A cause of action should not be dismissed for failure to state a claim unless, from the face of the

complaint, it appears beyond a reasonable doubt that Shapiro can prove no set of facts in support of the claim that would entitle it to relief. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993).

Shapiro's complaint concerns two alleged contractual duties that Alcoa has refused to assume: the duty to defend and the duty to indemnify. Under Missouri law, the duty to defend is broader than the duty to indemnify. McCormack Baron Mgmt. Servs., Inc. v Am. Guarantee & Liab. Ins. Co., 989 S.W.2d 168, 170 (Mo. 1999) (en banc); Superior Equip. Co., Inc. v. Maryland Cas. Co., 986 S.W.2d 477, 484 (Mo. Ct. App. 1998).

**Duty to Defend**

"The duty to defend arises whenever there is a potential or possible liability to pay based on facts at the outset of the case and is not dependent on the probable liability to pay based on the facts ascertained through trial." McCormack, 989 S.W.2d at 170 (citation omitted). A party has the duty to defend claims falling within the scope of an agreement even though ultimately it may not be obligated to indemnify an indemnitee. Superior, 986 S.W.2d at 484-85. The duty to defend is breached when the indemnitor rejects an indemnitee's tender of defense. See Travelers Indem. Co. v. S. M. Wilson & Co., No. 4:04CV01365 ERW, 2005 WL 3143779, at *3 (E.D. Mo. Nov. 23, 2005) (holding that duty to defend was breached

when defendant rejected plaintiff's tender of its defense).

Shapiro has stated claims for breach of contract and declaratory judgment regarding Alcoa's duty to defend. According to the complaint, Alcoa's duty to defend, indemnify, and hold harmless Shapiro extends to all claims arising out of the Arkansas state suit. Shapiro alleges that the agreement applies because the Arkansas federal suit is nearly identical to the Arkansas state suit.

In its reply brief to its motion to dismiss, Alcoa, for the first time, argues that Shapiro's duty to defend claims must be dismissed because the Indemnity Agreement does not extend to the Arkansas federal suit. As Shapiro correctly notes, this assertion is an attempt to argue the underlying merits of this case. This case hinges upon whether the Indemnity Agreement establishes a duty for Alcoa to defend, indemnify, and hold harmless Shapiro for the claims in the new Arkansas federal suit, or whether the agreement only covers the now-dismissed Arkansas state suit. Shapiro contends that this cannot be decided on the face of the complaint and agreement, and I agree.

As the record stands, Shapiro has presented a proposed interpretation of the Agreement that, if true, would entitle it to relief for Alcoa's failure to defend Shapiro in the Arkansas federal action. Whether Shapiro can prove this claim depends on the facts of the two underlying suits, and those facts are not before me.

If Alcoa wishes to present its own interpretation of the Agreement, it is free to do so in a motion for summary judgment, after appropriate discovery. A motion to dismiss, however, is not the proper vehicle for Alcoa to challenge Shapiro's interpretation of the Indemnity Agreement. Accordingly, I will deny Alcoa's motion to dismiss Shapiro's duty to defend claims.

**Duty to Indemnify**

Alcoa maintains that Shapiro cannot state a claim based on Alcoa's alleged duty to indemnify Shapiro because Shapiro has yet to sustain a loss or assume a fixed and established amount of liability in the Arkansas federal suit. Under Missouri law, two types of indemnity contracts exist: indemnity against loss, and indemnity against liability. Burns & McDonnell Eng'g Co., Inc. v. Torson Constr. Co., Inc., 834 S.W.2d 755, 758 (Mo. Ct. App. 1992). Under the former, a cause of action does not accrue until the indemnitee has sustained a loss in the form of payments made for obligations for which the indemnitee has been found liable. Id. (citations omitted). Under the latter, the cause of action accrues as soon as the liability against the indemnitee has become fixed and established, i.e., completely resolved. Id. Under either doctrine, Shapiro's claim is not ripe. The underlying Arkansas federal suit has yet to be fully resolved, and Shapiro thus has not sustained any loss, nor has it had its liability determined.

"[W]here the controlling facts are unknown and the duty to defend arises out of potential coverage, resolution of the duty to indemnify must await the facts." Superior Equip. Co., Inc. v. Maryland Cas. Co., 986 S.W.2d 477, 484 (Mo. Ct. App. 1998). As one court noted, "[a] finding in the underlying actions that [the defendant] is not liable would make this Court's determinations as to the duty to indemnify merely advisory opinions." Amerisure Mut. Ins. Co. v. Paric Corp., No. 4:04CV430 DJS, 2005 WL 2708873, at *9 (E.D. Mo. Oct. 21, 2005). This rule applies to a declaratory judgment action as well as to the breach of contract claim. Both the McCormack Baron and Superior cases were declaratory judgment actions, and in both the courts refused to consider the duty to indemnify because the underlying lawsuits had not yet been resolved. Because the Arkansas federal suit is still pending against Shapiro, it is premature for me to make any determinations regarding Alcoa's duty to indemnify Shapiro. Accordingly, I will dismiss, without prejudice, the portion of Shapiro's claims related to Alcoa's duty to indemnify, because they are not yet ripe for review.

**Motion to Stay**

Alcoa also asks that I stay this proceeding until the resolution of the Arkansas federal suit. Alcoa argues that a stay would save judicial resources and prevent the Court from adjudicating a potentially moot issue. I disagree. Any obligation Alcoa

may have to defend Shapiro in the Arkansas federal suit is not dependent on the outcome of that suit. According to the complaint, Shapiro has incurred costs and will continue to incur costs with its defense of the Arkansas federal suit. If the Agreement provides a duty to defend the Arkansas federal suit as Shapiro alleges, Alcoa will be liable for these costs regardless of whether Shapiro is found liable in the underlying suit. A delay would potentially deprive Shapiro of a contractual benefit that it allegedly should have realized nearly one year ago. For these reasons, I will deny Alcoa's motion to stay the proceedings pending resolution of the Arkansas case.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Alcoa Inc.'s motion to dismiss or stay [#9] is granted in part, and denied in part. Plaintiff Shapiro's claims related to Alcoa's alleged duty to indemnify Shapiro in the case titled <u>City of Stamps, Arkansas v. Alcoa, Inc., et al.</u>, No. 1:05-cv-01049-JLH (W.D. Ark.), are dismissed without prejudice.

By separate order this case will be set for a Rule 16 conference.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of August, 2006.